## JACOBS v. STEWART et al.   (No. 1471.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 27, 1927.)

**Appeal and error ⬤⟾767(1)—Motion to strike out appellant's brief was sustained when brief filed late, leaving appellees only four days to reply.**

Where appellee's counsel were deprived of the right to file their brief because appellant filed his brief so late that there was no time before the case was reached to prepare a reply, a motion to strike out appellant's brief was sustained.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by Odele Stewart and Ethel Martin Stewart against M. H. Jacobs. Judgment for plaintiffs. Plaintiffs' motion for a new trial granted as to Ethel Martin Stewart, and defendant appeals. Affirmed.

Morris, Sewall & Morris, of Houston, for appellant.

Howell & Stephenson and Jas. A. Harrison, all of Beaumont, for appellees.

HIGHTOWER, C. J. This is an appeal prosecuted by appellant from an order of the district court of Jefferson county (Fifty-Eighth district) granting to appellees a new trial in a damage suit that appellee Odele Stewart for herself individually and as next friend of her infant daughter, Ethel Martin,

filed in the trial court, seeking to recover damages for personal injuries sustained by the minor, Ethel Martin, in consequence of alleged negligence on the part of appellant, and in which damages were prayed in the sum of $10,000.

In the trial court an agreed judgment was entered in favor of appellees against appellant for $700, $500 of which was apportioned to the minor, Ethel Martin, and $200 to Odele Stewart, individually. The agreement was made between the respective counsel for the parties, and the judgment was rendered by the trial court when the appellees were not present. It was claimed in the motion for new trial, in substance, that appellee's attorneys were not authorized to make the agreement settling the case for $700, and that appellees' attorneys, over their protest, made the agreement with appellant's attorneys, and that appellant's attorneys were fully advised by appellees, before the judgment was complied with in any manner, that appellees would not abide by the agreement of their attorneys, and that they would not accept $700 in settlement of the case; that notwithstanding such advice to attorneys for appellant, and knowledge on their part that appellees were unwilling and would not accept the $700, as agreed by her attorneys, that counsel for appellant issued a check for $200 in favor of appellee Odele Stewart and her then attorneys, and delivered the same to appellees' attorneys, and that appellant's attorneys deposited in the registry of the court $500 for the minor, Ethel Martin, and that thereafter, under order of the court, the attorneys for appellees drew out $250 of the $500 deposited in the registry of the court as attorney's fees due them; that neither of the appellees had ever received or accepted any part of the $700 awarded them by the agreed judgment, and that they had declined to do so. The motion further stated, in substance, that the injuries received by the minor, Ethel Martin, were serious and permanent, and, in substance, that in consequence of such injuries she would be disfigured and crippled for life.

Appellant answered the motion for new trial by general demurrer and general denial, and by plea, in substance, that appellees were estopped to claim a new trial, because the judgment was an agreed judgment and was entered into with full authority on the part of appellees' attorneys.

The court, upon hearing of the motion for new trial, entered an order setting aside the agreed judgment as to the minor, Ethel Martin, and granted her a new trial, but declined to grant the motion as to appellee Odele Stewart. It is from this order that appellant prosecutes this appeal.

After the record had been filed in this court for nearly six months, counsel for appellant filed their brief, and counsel for appellees thereupon filed a motion to strike out the brief, because filed too late under the rules and not within time to permit counsel for appellees to reply thereto before submission. After the brief for appellant was filed, counsel for appellees had only four days in which to file a brief for appellees before the case was reached for submission on our docket. It was stated in the motion to strike out the brief that counsel for appellees would not be able, in the brief period of time of four days, to prepare a brief for appellees, and this motion was duly verified by counsel for appellees. There is no explanation in the record as to why counsel for appellant delayed so long in filing a brief for appellant in this cause. This being true, and it being shown in the motion to strike out the brief that appellees' counsel were deprived of the right to brief this cause for the appellees, we concluded that the motion to strike out appellant's brief should be sustained, and it has been so ordered.

There is no suggestion of fundamental error in the record, and there being no brief bringing forward any assignments of error, it is ordered that the judgment of the trial court be affirmed.